IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL EMMETT BECK, :
:
    Plaintiff, : CIVIL NO. 4:09-CV-0254
:
v. : (Judge Jones)
:
UNITED STATES OF AMERICA, *et al.*, :
:
    Defendants. :

## MEMORANDUM

February 24, 2009

Michael Emmett Beck ("Plaintiff" or "Beck"), an inmate presently confined at the Federal Correctional Institution Allenwood - Low ("FCI Allenwood - Low") in White Deer, Pennsylvania, initiated this action *pro se* by filing a Complaint raising claims under 28 U.S.C. § 1331 and the Federal Tort Claims Act ("FTCA"). He also has filed a Motion for leave to proceed *in forma pauperis* (Doc. 6) and a Motion to Appoint Counsel (Doc. 3). For the reasons set forth below, this action will be transferred to the United States District Court for the Middle District of Florida, and any decision with respect to the pending Motions will be deferred to the transferee court.

## BACKGROUND:

Plaintiff names the United States of America, the Federal Bureau of Prisons ("BOP"), and the United States Department of Justice as Defendants. He makes the following allegations in his Complaint:

On May 11, 2006, while Beck was an inmate at the Coleman Federal Correctional Complex ("FCC-Coleman") in Coleman, Florida, three inmates attacked him in his cell, and he sustained multiple fractures to his face and two fractured ribs. (Doc. 1 at 3 ¶ 7.) On May 22, 2006, Doctors Madonna and Bowers performed oral and plastic reconstructive surgery on his face at Leesburg Regional Medical Center in Leesburg, Florida. (*Id.* at 4 ¶ 10.) His requests for follow-up medical care were ignored by FCC-Coleman staff. (*Id.* at 5 ¶ 14.)

In October 2006, Beck was transferred to the Beaumont Federal Correctional Complex ("FCC-Beaumont") in Beaumont, Texas, where he remained until his transfer to FCI Allenwood - Low seven (7) months later. (*Id.* at 6 ¶ 21.) After he was examined by medical staff at Galveston, Texas, he was advised that his facial fractures just had to heal and it would take time. (*Id.* at 7 ¶ 22.) On October 10, 2007, Beck was examined by an oral surgeon at FCI-Allenwood who advised him

that there was nothing wrong and that he would continue to have pain in his face for the rest of his life. (*Id.* ¶ 24.)

At an unspecified time, Beck received copies of his medical records. (*Id.* at 9 ¶ 29.) A copy of the CT scan of his facial fractures revealed that Doctors Madonna and Bowers failed to repair "another fracture" in his face during the May 22, 2006 reconstructive surgery. (*Id.*) Beck alleges that BOP staff misled him about why he still was having pain by never mentioning this other fracture in the two years since his reconstructive surgery. (*Id.* ¶¶ 30-31.) Beck continues to have a partially blocked nasal passage that causes continuing pain to this day. (*Id.* ¶ 32.)

Beck alleges that the FCC-Coleman Medical Department also was negligent in overmedicating him with Clomidine prior to and at the time of the May 11, 2006 assault. (*Id.* at 10-11.) He claims that the Clomidine made him drowsy and weak and thus unable to protect himself from the assault. (*Id.* at 11-12.)

Finally, Beck alleges that FCC-Coleman staff made him wait in pain for over five hours after he was assaulted before transporting him to the Leesburg Regional Medical Center for treatment. (*Id.* at 12.)

Beck includes the following claims in his Complaint: negligence by FCC-Coleman Staff for failing to protect him from the assault (*id.* at 13); negligence by

Defendants for failing to provide him with adequate medical care before and after his jaw surgery (*id.* at 14-15); intentional infliction of emotional distress as a result of the treatment he received (*id.* at 17); and negligent infliction of emotional distress as a result of the treatment he received and is receiving (*id.* at 18).

**DISCUSSION:**

It is well-established that venue for civil actions wherein jurisdiction is not founded solely on diversity of citizenship is governed by 28 U.S.C. § 1391(b), which provides as follows:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). In this case, Beck currently is incarcerated in this district and includes a few factual allegations in his Complaint relating to events that occurred here. However, his injury, surgery, and the bulk of his follow-up care – the events and omissions which actually give rise to his claims – took place in Coleman and Leesburg, Florida. Thus a substantial part of the events or omissions giving rise to his claims occurred there. Moreover, none of the

4

named Defendants reside in this district. Both Coleman and Leesburg are located in the Middle District of Florida. *See* 28 U.S.C. § 89. Therefore, the proper venue for this action is the Middle District of Florida.[1] *See* 28 U.S.C. § 1391(b).

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). In the interest of justice, this case will be transferred to the Middle District of Florida. An appropriate Order shall issue.

---

[1] This Court transfers this action without passing any judgment on the merits of Beck's claims.